**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HOWARD DANZIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-00389 SEP |
| ) | |
| LOANME, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant LoanMe, Inc.'s Motion to Dismiss (Doc. [26]) and pro se Plaintiff Howard Danzig's Motion for Judgment on the Pleadings (Doc. [32]), Motion to Strike (Doc. [40]), and Motion for a Hearing (Doc. [42]). For the reasons set forth below, the Court will grant LoanMe's Motion to Dismiss and deny Danzig's motions.

### BACKGROUND

On May 9, 2019, in connection with obtaining a commercial loan, Plaintiff Danzig[1] entered into a written loan agreement[2] ("Loan Agreement") with LoanMe. *See* Doc. [27-1]. By the terms of the Loan Agreement, Danzig promised to pay "the sum of $73,000 (the 'Principal'), together with interest calculated at [a] rate of 79.00% per annum and any outstanding charges or late fees, until the full amount of this [loan] is paid," where "[i]nterest is calculated on a 360/360

---

[1] The Loan Agreement was entered into by Plaintiff's company, Employers Committed to Control Health Insurance Costs, Inc. ("ECCHIC"), and ECCHIC was originally listed as a co-plaintiff on this cause of action. However, as corporations cannot proceed pro se, this Court ordered ECCHIC to obtain counsel or withdraw from the action. *See* Doc. [14]. ECCHIC thereafter voluntarily withdrew from the action. *See* Doc. [23]. The Loan Agreement states that Danzig "jointly . . . unconditionally and irrevocably guarantees the continuing full and faithful performance and payment," and provides that LoanMe "may proceed directly against [Danzig] without first exhausting its remedies against [ECCHIC]; Danzig is therefore equally responsible for payments due on the loan, and has standing to pursue this action against LoanMe. *See* Doc. [27-1].

[2] A Court may "consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008). While Plaintiff did not attach to his Complaint a copy of the Loan Agreement or any other relevant documents, a copy of the Loan Agreement has been filed by Defendant and may be properly considered with the instant motion to dismiss. *See Kulovic v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *2 (E.D. Mo. April 19, 2011).

simple interest basis." *Id.* ¶ 4. The Loan Agreement states that the term of the loan is 120 months, and it requires Plaintiff to make one initial payment of $3,684.47, and, beginning in July 2019, thereafter make 119 monthly payments of $4,808.12. *Id.* ¶ 3. The Loan Agreement further specifies that, "[u]nless otherwise required by applicable law, [LoanMe] may apply payments to interest, outstanding fees, and principal in any order that [LoanMe] deems appropriate. *Id.* ¶ 4. The Loan Agreement prohibits oral modifications, stating, "[o]ral agreements or commitments to loan money, extend credit or forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable," and "[t]o protect [the parties] from misunderstanding or disappointment, any agreements [they] reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between [the parties], except as [LoanMe] may later agree in writing to modify it." *Id.* ¶ 2. The Loan Agreement explicitly permits prepayment, stating that "[n]o prepayment penalties will be imposed under this [loan]," and that Plaintiff "may prepay all or any part of the amounts owed under this [loan] at any time without penalty." *Id.* ¶ 5.

In June 2019, Danzig commenced making payments under the Loan Agreement. Starting in December 2019, Danzig requested a series of payoff quotes for prepayment of the loan. Doc. [5] ¶¶ 5, 15. Danzig requested such payoff quotes from LoanMe on December 17, 2019, January 3, 2020, January 6, 2020, and February 4, 2020. *Id.* ¶ 5. The amounts due under the payoff quotes varied from day to day. *Id.* For example, in response to Danzig's first request on December 17, 2019, LoanMe notified Danzig that the payoff amount was $75,546.34, and that such payoff quotes are good only for the day on which they are issued. *Id.* ¶¶ 4-6. On January 3, 2020, the payoff quote was $78,108.87; on January 6, 2020, it was $78,589.33; and on February 4, 2020, it was $78,265.43. *Id.* ¶ 6.

After receiving the payoff quotes, Plaintiff did not elect to prepay the loan, but instead filed this lawsuit in Missouri state court against LoanMe, asserting claims for breach of contract and fraud. Doc. [1-1]. Defendant removed the action to this Court on March 11, 2020. Doc. [1]. In his Complaint, Plaintiff asserts that LoanMe fraudulently induced him to enter into the Loan Agreement by falsely informing him that he could prepay the loan without cost. Doc. [5] ¶¶ 7-8. He further asserts that by seeking payoff amounts that were greater than the principal amount of the loan, LoanMe breached the terms of the Loan Agreement, which states that prepayment may be made "without any additional costs" to him. *Id.* ¶ 7. Plaintiff also asserts that LoanMe acted

2

fraudulently when it "intentionally and knowingly increase[ed] the loan principal and interest every day to prohibit Plaintiff[] from having any portion of the monthly payments reduced by principal." *Id*. ¶ 9.  Plaintiff also alleges that LoanMe attempted to "swindle" him into paying not only principal, but also interest and fees on the loan.  *Id*. ¶ 18.  As relief, Plaintiff asks the Court to order LoanMe to pay to him purported actual damages in the amount of $78,589.33, as well as an additional $78,108.87, plus $576,700.00 in punitive damages.  *Id*. ¶¶ 16-18.

Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a legally sufficient claim for breach of contract or fraud.  Doc. [26].

## DISCUSSION

## Motion to Dismiss for Failure to State a Claim

### I.     Legal Standard

A pleading is deficient and may be dismissed under Federal Rule of Civil Procedure 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).  The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged.  *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc*. *v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).  A court must "draw on its judicial experience and common sense," and consider the plausibility of the

plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

District courts have an obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a "district court is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations" to save a complaint. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (internal quotation and citation omitted).

## II.     Breach of Contract

To state a claim for breach of contract under Missouri law, a plaintiff "must establish the existence of a valid contract, the rights of plaintiff and obligations of defendant under the contract, a breach by defendant, and damages resulting from the breach." *Gillis v. Principia Corp.*, 832 F.3d 865, 871 (8th Cir. 2016) (internal quotation marks omitted) (emphasis in original). "Where, as here, the claims relate to a written contract that is part of the record in the case, [the Court] consider[s] the language of the contract when reviewing the sufficiency of the complaint." *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

Danzig makes various allegations regarding LoanMe's purported breach of the terms of the Loan Agreement. First, he asserts that, by seeking a payoff amount that included more than the principal balance due at any given time, LoanMe breached the Loan Agreement. More specifically, Danzig asserts that the terms of the Loan Agreement allow prepayment of the loan without "cost," and accordingly, requiring him to pay anything more than the principal due constituted a breach of the agreement. Doc. [5] ¶ 7.

Defendant argues, and the Court agrees, that this allegation ignores or misinterprets what the Loan Agreement actually says. The Loan Agreement states that the loan may be prepaid without "penalty," *not* without "cost," and interest and fees due on a loan according to the terms of the operative loan agreement do not constitute penalties. *See* Doc. [27-1] ¶ 5. Courts have long recognized that a fee charged upon prepayment is a penalty only when it is "peculiarly associated with prepayment alone," and would not be imposed if the note were paid at maturity. *Curran v. Washington Mut. Bank, F.A.*, 03-CV-1184, 2006 WL 516846, at *3 (W.D. Ark. Mar. 2, 2006), *aff'd Curran v. Washington Mut. Bank, F.A.*, 471 F.3d 857 (8th Cir. 2006) (internal citation omitted). *See also Goldman v. First Fed. Savings & Loan Ass'n*, 518 F.2d 1247, 1252 (7th Cir. 1975) (That a cost is imposed on the borrower at the time the loan is prepaid does not

4

render the cost a penalty; a charge is a prepayment penalty only if the cost "would not be imposed if the note were paid at maturity instead of an earlier date.").

Plaintiff seems to misunderstand the difference between accrued interest on a loan and prepayment penalties.  The fees and interest of which Plaintiff complains are due under the plain language of the Loan Agreement, and they accrue until whenever the loan is paid in full, whether that is at maturity or before; accordingly, they do not constitute a prepayment penalty barred by the terms of the agreement.  Nothing in the Loan Agreement requires LoanMe to waive accrued interest and fees on the loan in the event of prepayment.  As Defendant asserts, Danzig's "prepayment-without-cost" argument is contrary to the plain language of the Loan Agreement, and thus cannot support his claim for breach of contract.  "If a complaint's breach of contract claim conflicts with the plain language of the contract, the contractual language controls." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 405 (8th Cir. 2017).  Plaintiff cannot rewrite the unambiguous terms of the Loan Agreement for purposes of his claim; thus, he has failed to state a claim for breach of the Loan Agreement under this theory.

Danzig also argues that, by seeking different payoff amounts on different days, LoanMe breached the terms of the Loan Agreement.  Doc. [5] ¶¶ 11, 16.  While not entirely clear, Plaintiff appears to assert that the changing payoff amounts indicate that LoanMe somehow failed to properly credit payments to principal and interest.  *Id*.  Assuming that is his argument, Plaintiff either misunderstands, or willfully disregards, the way that interest typically accrues on the principal due on any interest-bearing loan that charges daily simple interest.  As is true for all interest-bearing loans, interest accrues on the principal due under the terms of the Loan Agreement, and as further explained below, such accrual of interest does cause the amount required to prepay the loan in full to vary from day-to-day.

"Interest is generally calculated by multiplying the principal by the interest rate by the fraction of the year during which the money earns interest." *Kreisler and Kreisler LLC v. Nat'l City Bank*, 657 F.3d 729, 731 (8th Cir. 2011) (citing David Thorndike, *Thorndike Encyclopedia of Banking and Financial Tables* 11-1.1 (4th ed. 2001)).  Here, the Loan Agreement states that "[i]nterest is calculated on a 360/360[3] simple interest basis." Doc. [27-1] ¶ 4.  "Interest on a

---

[3]  "Because the Gregorian calendar makes it impossible to have both equal daily interest charges and equal monthly interest charges throughout the year, banks have developed three methods of computing interest.  These are the 365/365 method (exact day interest), the 360/360 method (ordinary interest) and the 365/360 method (bank interest).  Under the 365/365 method each day has the same interest charge; the

daily simple interest loan is calculated by using the daily simple interest method." https://www.onemainfinancial.com/pdf/daily-simple-interest.pdf (last visited on Dec. 27, 2020). "This means that interest accrues on a daily basis on the amount of the loan from the date the interest charges begin until [the borrower] repay[s] the loan." *Id.* Simple interest "is determined by multiplying the daily interest rate by the principal by the number of days that elapse between payments. When you make a payment on a simple interest loan, the payment first goes toward that month's interest, and the remainder goes toward the principal." https://www.investopedia.com/terms/s/simple_interest.asp (last visited on Dec. 29, 2020). Accordingly, the amount required to pay off a loan on any given day is a function of the principal plus any accrued and unpaid interest and fees, and the amount of the payoff will necessarily change daily. In light of this mathematical fact, the changing payoff quotes provided by LoanMe to Plaintiff on different days are not indicative of any failure by LoanMe to comply with the terms of the Loan Agreement. On the contrary, the terms of the Loan Agreement will inevitably result in a fluctuating payoff amount, and Plaintiff has failed to allege any breach of the Loan Agreement with respect to this issue. Accordingly, Plaintiff has not stated a claim that raises a right to relief, and his breach of contract claim will be dismissed.

## III.  Fraud

To state a claim for fraud under Missouri law, a plaintiff must plead facts that support each of the following elements: (1) a false, material representation; (2) the speaker's knowledge of the falsity of the representation, or his ignorance of its truth; (3) the speaker's intent that the hearer act upon the misrepresentation in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the misrepresentation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Kulovic v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *12-13 (E.D. Mo. April 28, 2014).

---

bank simply divides the annual interest rate by 365 to get a daily interest factor, applied to each day of the year. Under the 360/360 method each month carries the same interest charge; every completed month is assumed to have thirty days, and accumulates one-twelfth of the annual interest. Interest for incomplete months is calculated by dividing the number of days by 360. At the end of a year both of these methods produce the same interest because in each case the calculation will be Principal x Rate x 1." *In re Oil Spill by Amoco Cadiz Off Coast of Fr. on Mar. 16, 1978,* No. 92–3282, 1993 WL 360955, at *1–2 (7th Cir. Sept. 14, 1993) (internal citations omitted).

Plaintiff sprinkles allegations sounding in fraud throughout his Complaint. First, he states, without further elaboration, that "LoanMe, Inc. induced [him] into accepting this loan by way of fraud and deceit." Doc. [5] ¶ 4. He further alleges that "LoanMe, Inc. made a false representation" by "stating that the Plaintiffs could prepay the loan off or any parts thereof without any additional costs." *Id*. ¶ 7. He also alleges that LoanMe engaged in "intentional fraud" by "intentionally and knowingly increas[ing] the loan principal and interest every day to prohibit the Plaintiffs from having any portion of the monthly payments reduce principal." *Id*. ¶ 9. Plaintiff further asserts that he has paid to LoanMe $37,344.76, all of which he argues should have been applied to principal, and yet, LoanMe "has not paid one cent toward the principal," and that this is evidence of "fraud and deceit." *Id*. ¶ 11-12. Finally, Danzig asserts that LoanMe, by allegedly breaching the contract, "chose to continue on its path of fraud and deceit to swindle [him] out of additional money," including "interest and undisclosed charges." *Id*. ¶ 18.

Plaintiff's allegations of fraud are so closely intertwined as to be virtually inseparable from his allegations of breach of contract. However, as explained above, Plaintiff's breach of contract claim fails, as nothing he alleges indicates that LoanMe has breached the terms of the Loan Agreement. Rather, it is clear that LoanMe's actions were in compliance with the plain language of the Loan Agreement, and Plaintiff was operating under various misapprehensions regarding the same. That Plaintiff does not understand certain terms of the Loan Agreement does not transform those terms into what Plaintiff characterizes as "false representations" or "fraud and deceit" by LoanMe. Thus, to the extent that Plaintiff bases his fraud claims on an alleged failure by LoanMe to comply with the terms of the Loan Agreement, his claims must fail.

Additionally, to the extent the Complaint could be read to allege that any person associated with LoanMe represented to Danzig, outside the Loan Agreement itself, that he could prepay the loan without "costs" such as interest or fees—as opposed to the penalties referred to in the Loan Agreement—that claim too must fail. The Complaint does not specify who made such a misrepresentation, when such misrepresentation was made, or how Danzig had a reasonable right to rely on such misrepresentation to his detriment. It is not sufficient for Plaintiff to summarily allege fraud without even a minimal attempt to provide specificity. *See FCS Advisors, LLC v. Missouri*, 929 F.3d 618, 620 (8th Cir. 2019) (To comply with Federal Rule of Civil Procedure 9(b), a fraud claim must "be pleaded with particularity," including "the who,

7

what, where, when, and how of the alleged fraud."). Therefore, Plaintiff's fraud claims will be dismissed.

## Motion to Strike

The Court will turn now to Plaintiff's Motion to Strike. *See* Doc. [40]. Plaintiff asks this Court to strike Defendant's Reply in Support of its Motion to Dismiss (Doc. [35]), as well as Defendant's Response to Plaintiff's Motion for Judgment on the Pleadings (Doc. [36]). Plaintiff alleges that the documents were filed without leave of Court and outside of the applicable time limits. Because the Court relied in part on Defendant's memoranda in reaching a decision on the Motion to Dismiss, the Court will briefly explain why Plaintiff's Motion to Strike is without merit and will be denied.

Eastern District of Missouri Local Rule 7–4.01 establishes the procedure by which a party may file a motion, a response to a motion, or a reply in support of a motion. *See* E.D. Mo. L.R. 7–4.01(A)-(C).[4] The rule states, in relevant part:

> (B) Except as otherwise provided in these rules or by order of the Court, each party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies. If any memorandum in opposition requires consideration of facts not appearing in the record, the party must file with its memorandum all documentary evidence relied upon. Each opposition to a motion seeking an extension of time must be filed within seven (7) days after service of the motion.
>
> (C) Within ten (10) days after being served with a memorandum in opposition, the moving party may file a reply memorandum. Additional memoranda may be filed by either party only with leave of Court.

E.D. Mo. L.R. 7–4.01(B)-(C).

The procedure established by Local Rule 7–4.01 can be summarized as follows. When a moving party files a motion, the non-moving party has fourteen days within which it may file an opposition memorandum. The moving party then has ten days to file a reply memorandum. No such filing requires leave of Court in order to be properly filed. If a party wishes to file any *further* responsive memoranda, that party must seek leave of Court to do so, and such filings are generally disfavored. *See* E.D. Mo. L.R. 7–4.01(C) ("Additional memoranda may be filed by

---

[4] The Local Rules may be found on the Court's website at https://www.moed.uscourts.gov/local-rules.

either party only with leave of Court."); *Davis v. Jomp*, No. 4:16-CV-229 CAS, 2017 WL 1407293, at *1, (E.D. Mo. April 20, 2017) ("Leave to file additional briefing beyond the standard motion, response, and reply is not routinely granted, and is typically permitted only where a moving party has raised a new issue or argument in its reply memorandum.").

Defendant filed its Motion to Dismiss on April 6, 2020. Doc. [26]. According to Local Rule 7–4.01(B), Plaintiff then had fourteen days to respond to the Motion to Dismiss, and he timely filed such a response on April 14, 2020. Doc. [33]. Defendant then had ten days within which to file a reply memorandum, if it wished to do so. *See* E.D. Mo. L.R. 7–4.01(C). As explained above, Defendant did not need leave of Court to file a reply. Defendant filed its reply (Doc. [35]) on April 24, 2020, within the ten-day time limit.

Plaintiff filed his Motion for Judgment on the Pleadings on April 14, 2020. Doc. [32]. Defendant then had fourteen days in which to respond to the Motion. *See* E.D. Mo. L.R. 7–4.01(B)-(C). Defendant did not need the Court's permission to file a response before April 28, 2020, and it did so on April 24, 2020, well within that time limit. Doc. [36].

Because the challenged documents were not filed out of time, and Defendant did not need leave of Court to file the same, the Court will not strike Defendant's memoranda found at Docs. [35] and [36]. In any event, the Court further notes, a Motion to Strike is not properly directed at either of the documents in question. "A motion to strike is properly directed only to material contained in pleadings." *Khamis v. Bd. of Regents, Se. Mo. State Univ.*, No. 1:09-CV-145-RWS, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2013) (quoting *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, No. 4:07-CV-1719-CAS, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008)). Rule 7(a) of the Federal Rules of Civil Procedure defines "pleadings" as a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, and if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). The memoranda that Plaintiff seeks to strike are not pleadings, and courts in this district have generally not permitted parties to attack such non-pleadings through motions to strike. *See, e.g., Shea v. Peoples Nat. Bank*, No. 4:11-CV-1415-CAS, 2013 WL 74374, at *1, *2 (E.D. Mo. Jan. 7, 2013) (citing cases); *Khamis*, 2010 WL 1936228, at *1 (a memorandum in opposition "is not a pleading and cannot be attacked with a motion to strike"); *see also Milk Drivers Local Union No. 387 v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D. Iowa 2003) ("Pleadings include complaints, answers, replies to counterclaims, answer to cross-claims, third-party complaints, and third-party

9

answers," and a motion to strike other filings such as motions or supporting memoranda is inappropriate and should be denied.) (internal citations omitted; collecting cases).  For this additional reason, the Court will deny Plaintiff's Motion to Strike Defendant's memoranda.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. [26]) is **GRANTED** and Plaintiff's Complaint is dismissed in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. [40]) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. [32]) and Motion for a Hearing (Doc. [42]) are **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order

Dated this 12th day of January, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE